J-A14026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

ERIC JAMES OLIVER

          Appellant

      v.

KRISTINA RASHELLE OLIVER

:   IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
:
:
:
:
:
:
:
:
:   No. 172 EDA 2023

Appeal from the Order Entered December 16, 2022
In the Court of Common Pleas of Wayne County Civil Division at No(s):
2019-30148

BEFORE:  PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

JUDGMENT ORDER BY DUBOW, J.:        **FILED JUNE 12, 2023**

Eric James Oliver ("Father") appeals from the December 16, 2022 order that, *inter alia*, granted the petition to modify custody filed by Appellee, Kristina Rashelle Oliver ("Mother"), and awarded primary physical custody of the parties' four minor children to Mother effective July 1, 2023, requiring the children to move from Pennsylvania to Arizona.  Upon review, we vacate and remand for the trial court to engage in an analysis of the relevant 23 Pa.C.S. § 5337 relocation factors.

The pertinent factual and procedural history is as follows.  Mother and Father are parents to 12-year-old K.O., 11-year-old K.O., 8-year-old E.O. and 5-year-old E.O (the "Children").  The parties lived together and were married until they separated in 2019.  In November 2019, the parties agreed that Father would have primary physical custody of the Children during the week and Mother would have partial physical custody of the Children every

weekend. The parties eventually disagreed about the custody arrangement, prompting Father to petition the court. On March 3, 2020, the trial court granted Father's petition for special relief, awarded the parties shared legal custody, and awarded Father primary physical custody. Soon thereafter, Mother filed a petition to relocate to Arizona, which the trial court denied after a hearing. Three months later, despite informing the court that she would remain in Pennsylvania if the court denied her relocation petition, Mother moved to Arizona without the Children.

In December 2020, the parties reached a custody agreement providing that Mother would have partial physical custody of the Children for six weeks in the summer of 2021 and for one week during Christmas of 2021.

On July 1, 2022, Mother filed a petition for modification seeking primary physical custody of the Children. The court held a custody trial over two days. On December 16, 2022, the trial court issued an Opinion and Order that considered the 23 Pa.C.S. § 5328 (a) custody factors, granted Mother's petition, awarded Mother primary physical custody of the Children, and ordered the Children to move to Arizona effective July 1, 2023.

Father timely appealed. Both Father and the trial court complied with Pa.R.A.P. 1925.

Father raises various issues for our review, including a claim that the trial court failed to consider the impact of Mother's relocation to Arizona, which is dispositive of our disposition. Father's Br. at 6.

The Custody Act mandates that a trial court must consider seventeen custody factors when deciding a petition for custody and ten relocation factors when deciding a petition for relocation. *See* 23 Pa.C.S. §§ 5328(a), 5337(h). "The party proposing the relocation has the burden of establishing that the relocation will serve the best interest of the child[.]" 23 Pa.C.S. § 5337(i)(1). Notably, "a custody case where neither parent is seeking to relocate and only the children would be moving a significantly distant location if custody shifted from one parent to another does not *per se* trigger [S]ection 5337" and its notice requirements. ***D.K. v. S.P.K.***, 102 A.3d 467, 477 (Pa. Super. 2014). Nevertheless, "[i]n a custody case where neither parent is relocating, but the **children stand to move a significant distance**, **trial courts should still consider the relevant factors of [S]ection 5337(h)** in their [S]ection 5328(a) best interests analysis." ***Id.*** at 476 (emphasis added). This Court has acknowledged, "several of the relevant factors of [S]ection 5337(h) are encompassed, directly or implicitly, by the custody factors listed in [S]ection 5328(a)." ***Id.*** at 478. However, "[a]ny relevant [S]ection 5337(h) factor that is not expressly encompassed in [S]ection 5328(a) should be considered by the trial court under the catchall provision of [S]ection 5328(a)(16)." ***Id.***

This court has explained:

[I]n any custody determination where neither parent is moving, but the children stand to move to a significantly distant location, the trial court would still need to consider the age, developmental stage, needs of the child and the likely impact the child's change of residence will have on the child's physical, educational and emotional development [pursuant to Section 5337(h)(2)], the feasibility of preserving the relationship between the other parent

and the child [pursuant to Section 5337(h)(3)], and whether the change in the child's residence will enhance the general quality of life for the child [pursuant to Section 5337(h)(7)]. Even though these three factors are not directly or implicitly encompassed in [S]ection 5328(a), they are clearly relevant to the decision of what is in the child's best interest when contemplating a move of significant distance to the other parent's home, and are therefore necessarily part of the trial court's analysis pursuant to [S]ection 5328(a)(16), which requires a trial court to consider "any other relevant factor" in making a custody determination.

*Id.* at 477.

Instantly, the trial court ordered a change in custody that will require the Children to move a significant distance from Pennsylvania to Arizona. While the trial court analyzed the Section 5328(a) custody factors, the court failed to analyze the relevant Section 5337(h) relocation factors as required. Accordingly, we are constrained to remand this case for the trial court to engage in an analysis of the relevant Section 5337(h) relocation factors contemporaneously with the Section 5328(a) custody factors. As over six months have elapsed since the trial court last heard evidence from the parties, the court may schedule a hearing for additional evidence if necessary.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/12/2023</u>